IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06-mj72-DRB |
| | ) | |
| JOSHUA WAYNE HESTER | ) | |

## NOTICE OF APPEAL OF THE MAGISTRATE
## COURT'S RELEASE ORDER

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully moves for appeal of the Magistrate Court's release order of August 2, 2006.

## FACTS

On June 12, 2005, Millbrook Police Cpl. Johnny Russell arrested Joshua Wayne Hester for rape, 1st degree, and Sodomy, for acts committed upon a 14-year-old girl, and rape, 2nd degree, and Sodomy, for acts committed upon a 13-year-old girl. An Elmore County Grand Jury subsequently indicted Hester for these charges, and he remained in custody until May 9, 2006.  On June 21, 2006, FBI Special Agent Margaret Faulkner learned that Hester had recorded photos of the subject sexual acts on a Maxwell CD-RW that had been manufactured in Taiwan.  Having established an interstate and foreign commerce nexus for a federal crime, SA Faulkner drafted a criminal complaint and arrest warrant for violations of Title 18, United States Code, Section 2251(a), production of child pornography. On July 24, 2006, United States Magistrate Judge Delores R. Boyd signed the complaint and the warrant, and Hester was taken into custody on August 1, 2006.

Upon Hester's arrest, the United States filed its motion for detention, citing as its reason the safety of any other person, and invoking the rebuttable presumption under Title 18, United States Code, Section 3142(e), probable cause to believe that the defendant committed a crime of violence against a child under Title 18, United States Code, Section 2251. The government did not seek a continuance but appeared ready to proceed at the first appearance.  Although the defendant was also ready, the Court set the hearing for 3:00 pm the following day before Judge Boyd.

On August 2, 2006, Judge Boyd presided over the probable cause and detention hearing. The United States, with the recommendation of the Office of Probation, took the position that the defendant must and should be detained,  as production of child pornography is a crime of violence, and that the underlying physical acts alleged against Hester involved child molestation and the forcible rape of a child.  The government also established that Hester had inured himself to the families of each victim, that he had gained their trust, and that the sexual abuse of the children took place undetected by the family members, even though the forcible rape and accompanying photographs took place while other family members were in the home in adjoining rooms.

The defendant provided information to the Court relating to his prior diagnosis of bipolar disorder, and his subsequent discharge from the marine corps due to medical reasons, and presented several witnesses to testify that they trusted the defendant to take care of their minor children and did not believe that he was a danger to the community. One defense witness said he would trust Hester to care for his children, even after reading a letter Hester wrote that stated "I am sorry that I was attracted to young girls in the way that I was" and "You may call me a pervert and a sicko. I deserve it". Despite the government's arguments, the Court found that there were exceptional reasons why the defendant's detention would not be appropriate and that the defendant was not likely

2

to flee or pose a danger to the safety of any other person or the community pending trial.   The Court further allowed Hester to stay in the home of his mother, where two children, a 12-year-old girl and a 14-year-old boy, reside.

Despite the statutory mandate, the Court did not impose the bare minimum conditions imposed by Title 18, United States Code, Section 3142(c)(1)(B): "In any case that involves a minor victim under section...2251...of this title...any release order shall contain as a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii). 18 U.S.C. § 3142 (c)(1)(B), *amended by* Pub. L. No. 109-248, Section 216, July 27, 2006, the relevant portions are attached hereto as Exhibit "A".   Instead, the court merely forbade Hester to be around children when "unsupervised" and forbade him to use computers, cameras, and other electronic devices. The court gave no meaningful mechanism to monitor or enforce these conditions, and essentially abdicated the responsibility of the safety of the children Hester will live with  to the care givers who assert Hester is not a danger even after learning of  his own admissions that he is attracted to young girls and deserves to be called a "pervert and a sicko."

The United States now respectfully moves for revocation or amendment of the Magistrate Court's release order.  The United States' motion is based upon the defendant's admission that he is attracted to young girls, that he deserves to be called a pervert, and the probable cause to believe that Hester produced child pornography depicting violent sexual acts.  The defendant's alleged violent acts compel his detention because there are "no conditions of release which would reasonably assure the safety of any other person and the community."

District Courts in this Circuit have addressed the standard of review regarding a Magistrate Court's pretrial detention order.  The United States District Court for the Southern District of Florida

in <u>United States v. Rivera</u>, 90 F.Supp.2d 1338 (S.D. Fla. 2000), applied the 11th Circuit's teaching in <u>United States v. Hurtado</u>, 779 F.2d 1467 (11th Cir. 1985).  In applying <u>Hurtado</u>, the  <u>Rivera</u> Court found that it should review, <u>de novo</u>, a Magistrate Court's decision to grant pretrial release and the conditions imposed, but the District Court should set aside the factual findings only if they are clearly contradicted by the record.  <u>See</u> 90 F. Supp.2d at 1340.

**DISCUSSION**

I.    **Defendant should be detained because there is no condition of release which will reasonably assure the safety of any other person and the community**.

Pursuant to 18 U.S.C. § 3142(e), it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community if the judicial officer finds that there is probable cause to believe that the person committed an offense under 18 U.S.C. 2251.

The evidence Hester presented in this case did nothing to rebut the presumption that Hester's release poses a danger to the community. Instead, the defense presented further evidence of Hester's alleged modus operandi: befriending families with children, ingratiating himself into a family, taking a special interest in children much younger than himself, playing games with them, and gaining a family's unwavering trust.  According to Cpl. Russell, all of these characteristics applied to the families of the two victims just as much as they applied to the defense witnesses - right up until the CD-RW was discovered.  The forcible rape took place in the home of the young girl's family, where Hester was known, welcomed, and trusted. Yet no one knew or suspected either crime until the photographs on the CR-RW were discovered.

4

In this case, the Court has taken the evidence of modus operandi of the crime, and misinterpreted it as evidence that tends to rebut the presumption. Because of the nature and circumstances of this crime, and the probable cause that establishes its occurrence, the court erred in finding that any set of conditions could reasonably protect the safety of any person and the community. In particular, there are no set of conditions that can protect children, especially those whose parents believe in Hester's innocence even after reading his admissions.

For the above-mentioned reasons, the United States respectfully moves for revocation or amendment of the Magistrate Court's release order of August 2, 2006.

Respectfully submitted this the 3rdt day of August, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
Suite 201, One Court Square
Montgomery, AL 36104
Phone: (334) 223-7280
FAX: (334) 223-7280
E-mail: david.cooke@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          CR. NO. 2:06-mj72-DRB
                                  )
JOSHUA WAYNE HESTER               )

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on August 3,  2006, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen Roger Glassroth.

                                              LEURA G. CANARY
                                              UNITED STATES ATTORNEY

                                              /s/K. David Cooke, Jr.
                                              K. DAVID COOKE, JR.
                                              Assistant United States Attorney
                                              Suite 201, One Court Square
                                              Montgomery, AL 36104
                                              Phone: (334) 223-7280
                                              FAX: (334) 223-7280
                                              E-mail: david.cooke@usdoj.gov

Federal Government.

"(D) DEFINITION.--For purposes of this paragraph, the term 'crime victim' means the person against whom the State offense is committed or, if that person is killed or incapacitated, that person's family member or other lawful representative.".

SEC. 213. KIDNAPPING JURISDICTION.

Section 1201 of title 18, United States Code, is amended--
(1) in subsection (a)(1), by striking "if the person was alive when the transportation began" and inserting ", or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense"; and

STAT.617
(2) in subsection (b), by striking "to interstate" and inserting "in interstate".

SEC. 214. MARITAL COMMUNICATION AND ADVERSE SPOUSAL PRIVILEGE.

The Committee on Rules, Practice, Procedure, and Evidence of the Judicial Conference of the United States shall study the necessity and desirability of amending the Federal Rules of Evidence to provide that the confidential marital communications privilege and the adverse spousal privilege shall be inapplicable in any Federal proceeding in which a spouse is charged with a crime against
(1) a child of either spouse; or
(2) a child under the custody or control of either spouse.

SEC. 215. ABUSE AND NEGLECT OF INDIAN CHILDREN.

Section 1153(a) of title 18, United States Code, is amended by inserting "felony child abuse or neglect," after "years,".

SEC. 216. IMPROVEMENTS TO THE BAIL REFORM ACT TO ADDRESS SEX CRIMES AND OTHER MATTERS.

Section 3142 of title 18, United States Code, is amended--
(1) in subsection (c)(1)(B), by inserting at the end the following: "In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).".
(2) in subsection (f)(1)--
(A) in subparagraph (C), by striking "or" at the end; and
(B) by adding at the end the following:
"(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or"; and
(3) in subsection (g), by striking paragraph (1) and inserting the following:
"(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;".

TITLE III--CIVIL COMMITMENT OF DANGEROUS SEX OFFENDERS

SEC. 301. JIMMY RYCE STATE CIVIL COMMITMENT PROGRAMS FOR SEXUALLY DANGEROUS PERSONS.

(a) GRANTS AUTHORIZED.--Except as provided in subsection (b), the Attorney General shall make grants to jurisdictions for STAT.618the purpose of establishing, enhancing, or operating effective civil

GOVERNMENT'S EXHIBIT
A
PENGAD 800-631-6989