IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06cr193-MEF |
| | ) | |
| JOSHUA WAYNE HESTER | ) | |

**RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

On April 6, 2007, the Court entered an order directing undersigned counsel to show cause why he should not be held in contempt of court, pursuant to Fed. R. Crim. P. 42, for his accidental and inadvertent failure to appear before the Court for sentencing in the above-styled cause on that same date. What follows is counsel's response in compliance with said order:

1.	At approximately 10:00 a.m. E.D.T. on April 6, 2007, undersigned counsel received a telephone call at his office in Macon, Georgia from United States Probation Officer Kevin Poole. After brief preliminary pleasantries, Mr. Poole informed counsel that he was in the courtroom for sentencing in the above-styled cause and at once a sense of panic came over counsel. After uttering an expletive in light of the situation, counsel checked the calendar for April 6 and verified that a court appearance was not shown on it for that date. Counsel did not recall there being a court appearance scheduled for that date and when he checked further he found the sentencing noted on the calendar for April 13, 2007. These circumstances were explained to Mr. Poole in the course of counsel's telephone conversation with him and Mr. Poole told counsel that he would inform the court's courtroom deputy clerk of them and would again call counsel.

2.	Later on the morning of April 6 Mr. Poole telephoned counsel again, this time on speaker

phone with supervisory United States Probation Officer Scott Wright. Both probation officers informed counsel that the Court was "ticked off" at what had occurred and told counsel that they had been directed to contact counsel and inform him that the Court would be entering a show cause order.

3. It is perfectly understandable that the Court was displeased, annoyed, or even angry at the non-appearance of counsel; counsel is fully displeased at himself for what has occurred and hereby offers his profound and heartfelt apology for inconveniencing the Court, opposing counsel, and the probation officer, as well as for his client having to endure the stress and bewilderment of being brought to appear before the Court only to find counsel absent. The non-appearance, however, was not a willful act, did not occur as part of a pattern or history of counsel failing to appear before this Court as required and should not be punished as a criminal contempt under Rule 42.

4. Counsel's failure to appear for the proceeding on April 6 was an extraordinarily rare, isolated occurrence and certainly not something that was done willfully. Counsel has no history of failing to appear before this Court; this is the first time that counsel can recall not appearing as required for a proceeding in his more than 27 years of being admitted as member of the bar of this Court. Due to the counsel's own apparent calendaring error, counsel was unaware of the need to appear on April 6, until he received the above-described telephone call from Mr. Poole. While counsel may have been negligent in his non-appearance, the failure to appear was not a deliberate act. Counsel swears that it will never happen again.

5. Although the Court referred to Federal Rule of Criminal Procedure 42, the rule governing criminal contempt, in its Order requiring counsel to show cause, criminal contempt is not an appropriate sanction in this instance. As the United States Court of Appeals for the Eleventh Circuit

has explained:

> The essential elements of criminal contempt are a lawful and reasonably specific order of the court and the willful violation of that order. The attorney, therefore, must either intentionally violate the court's order or must exhibit conduct which constitutes reckless disregard for the orders of the court. Negligent, accidental or inadvertent violation of an order is insufficient.

*United States v. KS & W Offshore Engineering, Inc.,* 932 F.2d 906, 909 (11th Cir. 1991), citing *United States v. Burstyn*, 878 F.2d 1322, 1324 and *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987). Here, counsel's conduct was not intentional, nor did it constitute reckless disregard for the court's order. The non-appearance was accidental or inadvertent, the result of, at worst, counsel's negligence, for which he accepts full responsibility.

6.   It is difficult to convey to the court the profound sense of embarrassment and shame that counsel feels at what has transpired. The sinking feeling felt when Mr. Poole first telephoned on April 6 is one which counsel never wishes to feel again. Counsel has always sought to be prompt for all court appearances and to be prepared at all appearances. Non-appearance, or even tardiness, has never been a problem for counsel in the past and counsel can say with confidence that there will not be a repeat of counsel's non-appearance before the Court in the future.

Respectfully submitted,

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for Joshua Wayne Hester
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
Phone (478) 743-4747
Fax (478) 743-4749

E-mail steve_glassroth@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for Joshua Wayne Hester
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
Phone (478) 743-4747
Fax (478) 743-4749
E-mail steve_glassroth@fd.org
