IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 2:06cr193-MEF |
| ) | |
| JOSHUA WAYNE HESTER ) | |

**JOSHUA WAYNE HESTER'S SENTENCING MEMORANDUM**

Joshua Wayne Hester, by undersigned counsel, hereby sets forth the following as his memorandum to the Court for use in fashioning a reasonable sentence under 18 U.S.C. § 3553(a), as dictated by the decision in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005). It is Mr. Hester's position that the calculated advisory guideline sentence is greater than that necessary to accomplish the goals of sentencing mandated under §3553(a).

**Sentencing under *Booker***

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court. *Id*. at 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that:

1

>[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), or which rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. *Booker,* 125 S. Ct. at 756. Accordingly, the court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory." *Id*. at 757. Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker* "requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Booker*, 125 S. Ct. at 757. Under the *Booker* sentencing regime courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in § 3553(a) is for sentencing courts to "impose a sentence sufficient, but

---

[1] The fact-of-prior-conviction exception to the *Apprendi* rule is based on *Almendarez-Torres* v. United States, 523 U.S. 224 (1998). But the continued vitality of this case and the exception it created has been called into question not only by the broad reasoning of *Booker* itself, which would seem to apply to all enhancement facts, including facts of prior conviction, but also more recently by *Shepard v. United States*, 125 S. Ct. 1254 (2005). *Shepard* sharply limits the *Almendarez-Torres* exception to the fact of prior conviction as determined by the judicial record, and excludes facts about the conviction which are not contained in such conclusive records. As Justice Thomas notes, moreover, five justices agree that *Almendarez-Torres* was wrongly decided. 125 S. Ct. at 1264 (Thomas, J., concurring).

not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

    a.    "the nature and circumstances of the offense and the history and the history and characteristics of the defendant" (§ 3553(a)(1));

    b.    "the kinds of sentences available" (§ 3553(a)(3));

    c.    "The need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" (§ 3553(a)(6)); and

    d.    "the need to provide restitution to any victims of the offense" (§ 3553(a)(7))

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. § 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. § 5H1. *See also United States v. Nellum*, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); *United States v. Naylor*, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. 2005) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses – he was 17 – and noting that in *Roper v. Simmons,* 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guidelines sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3553(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984,

4

985-86 (E.D. Wisc. 2005). As another court has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." *United States v. Jaber*, 2005 WL 605787 *4 (D. Mass. 2005).

Justice Scalia explains the point well in his dissent from Booker's remedial holding in observing, "[T]hus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so." *Booker*, 125 S. Ct. At 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider all of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the objectives of sentencing. Where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should trump the guidelines, lest the guidelines again become mandatory, in violation of the Court's teaching in *Booker*.

## SENTENCING IN THE PRESENT CASE

In the case before the Court, Mr. Hester entered a guilty plea to the offenses charged in the information. By doing so, he recognized the gravity of the conduct in which he had engaged,

accepted responsibility fo it and spared the young women with whom he had been involved the trauma of appearing to testify at a public trial. Mr. Hester in no way minimizes or attempts to diminish the seriousness of that to which he has entered his plea. Nevertheless, a sentence within the range called for by the advisory guidelines is far greater than that necessary to accomplish the goals of sentencing.

The sentencing range calculated by the probation officer is 292-360 months. Under the terms of the Rule 11(c)(1)(C) plea agreement entered into between the government and Mr. Hester, the lowest sentence that can imposed upon Mr. Hester is 235 months, 5 months short of 20 years. It cannot be said that such a sentence is unreasonable, given the totality of the circumstances surrounding Mr. Hester and the offense. As shown below, a sentence of 235 months will effectively meet the aims of sentencing and will certainly not be a sentence that can be deemed to be a "lenient" sentence.

Mr. Hester is 22 years old and has seemingly been beset by psychological problems for most of his life. He attempted to serve his country by enlisting in the United States Marine Corps but was discharged after a brief stint in the service as a result of bipolar disorder. Indeed, Dr. Renfro concluded,after his thorough testing and evaluation of Mr. Hester that he suffers from a constellation of psychological problems, including Bipolar Disorder, Major Depressive Disorder, Post-Traumatic Stress Disorder and Borderline Personality Disorder. Suffering from these recognized, serious psychological disorders, it should come as no surprise to learn that Mr. Hester smoked marijuana and drank alcohol daily, beginning at age 13 and added the potent hallucinogen PCP to his drug repertoire a scant two years later. Many professionals in the field of psychology ascribe the early onset of such chronic drug use as efforts at "self-medication", frequently when

the subject has no idea of the reasons for such activity. In addition, Dr. Renfro's evaluation demonstrated that Mr. Hester possesses a chronicity of "suicidal thoughts and occasional suicidal gestures." Clearly, Mr. Hester is a troubled young man.

The probation officer indicated that he sees no grounds for departure or variance, yet Mr. Hester suggests that U.S.S.G. § 5K2.13 accurately describes a person in his situation. While that section may not have supported a downward departure under a mandatory guidelines scheme, Mr. Hester's profound psychological condition certainly provides a basis for the Court's informed and guided discretion to impose a sentence of 235 months, below the range in the post-*Booker*, advisory guidelines world but still a sentence that achieves the goals of sentencing, one that is reasonable by being sufficient but not greater than necessary. Mr. Hester's conduct was certainly reprehensible and that is beyond dispute. While the psychological disorders from which he suffers does not serve to excuse, it does give context to the conduct. Under U.S.S.G. § 3553(a)(1), the history and characteristics of Mr. Hester would militate toward a sentence of nearly 20 years as a sentence that is reasonable.

Section 3553(a)(2)(A) requires the Court to fashion a sentence that "reflect[s] the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" Beyond doubt, if the Court were to impose a sentence of 235 months there could be no valid accusation that the Court ignored § 3553(a)(2)(A). A sentence of that length cannot be viewed as a "slap on the wrist" or a walk in the park. In reality, a sentence approaching 20 years in duration condemns an individual to an enormous amount of time of being socially incapacitated. Many lose sight of the actual length of time federal sentences involve since their length is expressed in months and some may feel that the time passes as quickly as it takes an

individual to count to the number. Reality should disabuse anyone of that notion. If the Court were to set Mr. Hester's sentence at 235 months it would be imposing a long, arduous stretch of incarceration that would acknowledge the seriousness of Mr. Hester's conduct, promote the law's respect and provide a reasonable and just punishment. A sentence within the calculated range of 292-360 months is simply greater than necessary to accomplish those goals and, therefore, violative of the teachings of *Booker* when applied in the present case.

      The deterrent effect of sentencing, the factor described in § 3553(a)(2)(B), will be realized by the imposition of a sentence of 235 months. A sentence of that duration would serve to illustrate that convictions for serious offenses receive serious punishment. No rational person, if reading a hypothetical newspaper account of the imposition of almost 20 years of incarceration (and a lifetime of supervised release), would react by believing that the sentencing court had made a mockery of the criminal justice system by being "soft on crime". Instead, the reaction would be that the Court had been fair and just, meting out an appropriate sanction for the commission of serious offenses. In addition, the goal of § 3553(a)(2)(C) would also be realized with a 235 month sentence since the public would be protected from further crimes and Mr. Hester would not be eligible for release from prison for a long, long time and by then would have been able to have received necessary treatment. Even then, Mr. Hester will be required to spend the rest of his years under the watchful eyes of post-release supervisors from the probation office so that there will always be an element of protection for the public.

      The imposition of a sentence of 235 months would allow Mr. Hester to receive the treatment he needs to be able to overcome the psychological troubles from which he suffers. That is ample time, and there will certainly be ample opportunity, for him to receive the necessary help

while incarcerated.  It is not necessary for the Court to impose a sentence within the calculated advisory guideline range of 292-360 months for this sentencing goal, embodied in the language of § 3553(a)(2)(D), to be effectively achieved.

## CONCLUSION

Sentencing in the post-*Booker* environment returns the Court to the task of fashioning reasonable sentences that are sufficient but not greater than necessary, instead of requiring it to impose mechanistic, formulaic, one size fits all sentences.  In many ways, this makes the Court's task more difficult since it requires it to carefully delve deep into the individualized characteristics of the offender who comes before the Court to try to comprehend the myriad factors which make up the individual and provide context for the criminal conduct.  In Mr. Hester's case, his many individualized factors should lead the Court to conclude, for all of the foregoing reasons, that a sentence of 235 months is a sentence that is reasonable, will accomplish all of the statutory goals of sentencing and is sufficient, but not greater than necessary, to do so.  The Court should impose a sentence of 235 months upon Mr. Hester.

Respectfully submitted,

s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for Joshua Wayne Hester
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
Phone (478) 743-4747
Fax (478) 743-4749
E-mail steve_glassroth@fd.org

.

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this matter.

      s/Stephen R. Glassroth
STEPHEN R. GLASSROTH
Counsel for Joshua Wayne Hester
AL Bar Code: GLA005
Post Office Box 996
Macon, Georgia 31202-0996
Phone (478) 743-4747
Fax (478) 743-4749
E-mail steve_glassroth@fd.org