IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | CR. NO.   2:06cr193-MEF |
| ) | |
| JOSHUA WAYNE HESTER  ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM**

Under the plea agreement, the Government agreed to a sentence no greater than the low end of the applicable guideline range, here 292 months; Hester reserved his right to seek a variance to a sentence no lower than 235 months. The Government maintains that a guideline sentence is appropriate in this case.

**I.   STATEMENT OF FACTS**

According to paragraphs 4 and 5 of the PSI, beginning at least as early as January 2005, Hester, then 20 years old, began having sexual relations on a regular basis with "K.S.," a 13-year-old girl. He took pictures and stored them on a compact disc.

In May 2005, Hester took pictures of himself having sexual relations with another girl, "J.D.," age 14. He stored those pictures on the same CD as the K.S. pictures. According to J.D., Hester came into her bedroom while she was sleeping and coerced her into having sex with him and posing for the pictures.[1] Hester's conduct was discovered when his girlfriend–having heard rumors about Hester showing the images to others–located the compact disc, gave it to K.S.'s father, who gave it to the police.

---

[1] Although not mentioned in the PSI, the Government would be prepared to prove that Hester was in the house visiting J.D.'s brother.

II.     **ARGUMENT**

The Government of course does not dispute the premise of Hester's argument, namely, that the Court has the authority to impose a sentence that varies from the guideline range. However, the Court should use this authority sparingly in child exploitation cases. Under 18 U.S.C. § 3553(b)(2), the Court is obliged to impose a guideline sentence in child exploitation cases absent a ground for departure recognized by the guidelines. Courts have held, and the Government has conceded, that this provision is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Hecht*, 470 F.3d 177, 180-81 (4th Cir. 2006). Nevertheless, this court should be

> mindful of Congress' view, expressed in the PROTECT Act, regarding prosecuting and sentencing child kidnappers and sexual offenders. Although we must hold today that § 3552(b)(2) cannot constrain the discretion of a district court to impose a sentence outside the range recommended by the Sentencing Guidelines, we nevertheless believe that district courts, in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that crimes such as [the defendant's] are serious offenses deserving serious sanctions.

*Id.* at 182 (quoting *United States v. Grigg*, 442 F.3d 560, 564-65 (7th Cir. 2006)).

Hester's guideline range was increased by five-levels under U.S.S.G. § 4B1.5(b)(1), which applies to defendants who engage in a pattern of child exploitation offenses. The purpose of this enhancement is "to provide lengthy incarceration for offenders who commit sex offenses against minors and who present a continuing danger to the public." U.S.S.G. § 4B1.5(b)(1), *background*.

In this case, the Government submits that a guideline sentence best reflects the section 3553(a) factors, particularly the need for a sentence "to protect the public from further crimes of

the defendant." 18 U.S.C. § 3553(a)(2)(C). Hester main argument for a lower sentence is his considerable mental health and substance abuse issues. However, defendant gives the Court no basis to believe that either (a) time or treatment will cure these issues, or (b) even if Hester gets these problems under control, this will militate in any way the proclivities that led him to commit his crimes. Hester's conduct shows that his relevant problem is that he is sexually attracted to–and enjoys taking pictures of–girls who are well under the legal age limit. His conduct with respect to J.D.–entering her bedroom while she was sleeping and coercing her to engage in photographed intercourse–belies any notion that Hester is some sort of overage Romeo who got carried away with a willing Juliet. The most reasonable conclusion from the offense conduct is that Hester is a predator whose career got cut short by his own carelessness and braggadocio. The 292-month guideline sentence will therefore appropriately serve the public's interest in preventing Hester from committing further crimes.

## CONCLUSION

Because the sentence recommended by the guidelines will best serve the policies of sections 3553(a) and 3553(b)(2), the Government requests that the Court deny Hester's request for a variance.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CR. NO.  2:06cr193-MEF |
| | § | |
| JOSHUA WAYNE HESTER | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Stephen R. Glassroth.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov