IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:06-cr-193-ECM |
| | ) | (WO) |
| JOSHUA WAYNE HESTER | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's "*pro se* emergency motion for compassionate release" (doc. 66) which the Court construes as a motion for reduction of sentence. Hester seeks a reduction in his sentence, which he describes as "compassionate release," pursuant to 18 U.S.C. § 3582(a)(1)(A), asserting that there are extraordinary and compelling reasons that qualify him for a sentence reduction.[1] Specifically, Hester contends that the novel coronavirus (COVID-19) coupled with his "underlying health conditions such as Arrythmia, Cardiac Dysrhythmia Disorder of the heart, high cholesterol, chronic debilitating migraine headache (sic) with Grand Mal seizures, and constant phlegm

---

[1] To the extent that Hester seeks release to home confinement pursuant to the CARES Act due to the COVID-19 pandemic (doc. 66 at 10), the Court has no authority to order the Bureau of Prisons to change the Defendant's current place of incarceration. "A defendant's request for home confinement under the CARES Act is different than a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)." *United States v. Grant*, 2020 WL 3899192, *1 (S.D. Ga. July 10, 2020); *United States v. Allen*, 2020 WL 2199626 (S.D. Ga. May 6, 2020) ("[A] request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release."). The decision to release inmates on home confinement rests with the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c)(2)(the BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an order. *See Allen*, 2020 WL 2199626 at 1; *United States v. Daniels*, 2020 WL 1938973, *2 (N.D. Ala. Apr. 22, 2020). The Court concludes that "under the CARES Act, the BOP, through the Attorney General's delegation, retains the 'exclusive authority and sole discretion to designate the place of an inmate's confinement,' including home confinement." *Id.*

buildup in my lungs due to mold and mildew," (doc. 66 at 6), warrant a reduction of his sentence. The United States opposes the motion.  (Doc. 69).  The motion is ripe for resolution.  For the reasons that follow, the Court concludes that the Defendant's motion is due to be denied.

On November 20, 2006, the Defendant entered a guilty plea to an information charging him with sexual exploitation of children in violation of 18 U.S.C. § 2251(a). (Doc. 44).   On May 31, 2007, Hester was sentenced to a term of 292 months of imprisonment.  (Doc. 58).  Hester's current projected release date from the Bureau of Prisons ("BOP") is August 6, 2028.  (https://www.bop.gov/inmateloc/ last visited Sept. 14, 2020).

## DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction.  A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition

"that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (iii) the advanced age of the defendant[2]; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

Hester alleges that he is entitled to a sentence reduction because he has served more than half of his sentence, he has underlying health conditions, and he has tested positive for the coronavirus. Hester cites in detail the BOP's "inadequate response to the pandemic" to argue that these conditions combine to constitute "extraordinary and compelling" reasons justifying a reduction in his sentence.

A defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court concludes that Hester properly pursued administrative relief and, thus, has exhausted his administrative remedies. (Doc. 66-1).

Because Hester has exhausted his administrative remedies, the Court now considers whether his medical conditions are sufficiently extraordinary and compelling to warrant

---

[2] The Commentary suggests that to qualify under the age provision, the Defendant must be "at least 65 years old," his condition must be significantly deteriorating due to aging and he must have served at least ten years or seventy-five percent of his sentence.

3

reducing his sentence.  In support of his motion for a reduction in sentence, Hester submitted a positive COVID-19 test (doc. 66-2), as well as a 2018 Bureau of Prisons health services report indicating his "health problems," and a blood test from 2020 indicating high cholesterol.  (Doc. 66-7).  The evidence submitted in support of his motion demonstrate that Hester's medical condition is not as severe as he alleges.  Hester provides no evidence that he has in fact been diagnosed with any particular condition, or that he has a particular condition that cannot adequately be treated in prison.  In fact, while Hester tested positive for COVID-19, he was asymptomatic, treated, and has recovered.  (Doc. 69-3).  Hester bears the burden of demonstrating that his circumstances are extraordinary and compelling to warrant relief.  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  Hester's conclusory allegations that he suffers from, or is at greater risk due to his medical conditions, without more, is simply insufficient for Hester to meet his burden of demonstrating extraordinary and compelling reasons.  The records further demonstrate that Hester is being treated in prison.  The Court concludes that Hester has failed to establish that his medical conditions constitute extraordinary and compelling reasons that warrant a sentence reduction.

Hester further contends that his medical condition, coupled with the Bureau of Prisons' inadequate response to the COVID-19 pandemic, are extraordinary and compelling reasons to reduce his sentence.  The Court disagrees.  Hester has recovered from COVID-19 while incarcerated.  While the existence of COVID-19 cases at the facility is concerning, its presence alone is not an extraordinary and compelling reason that warrants a sentence reduction.

Furthermore, before granting a sentence reduction, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a). These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3583(e)(1) and § 3553(a). The Court now turns to the sentencing factors to determine whether a reduction in sentence is warranted and is in the interest of justice.

In considering the nature and circumstances of the offenses, coupled with the need to protect the public and the need for deterrence, the Defendant argues that his "charge of sexual exploitation of minors, although serious, is a non-violent offense." (Doc. 66 at 10). In addition, the Defendant asserts that he has taken multiple hours of programming, and he is considered by the BOP to be "minimum/low risk" of recidivism, and thus, he is not a danger to society. (*Id.*). The Defendant entered a guilty plea, pursuant to plea agreement, to sexual exploitation of children. This charge involved sexual activity with a thirteen year old victim and a fourteen year old victim. Hester also took sexually explicit photographs of the victims. At the time of his plea, Hester agreed "[t]o a sentence at the low end of the applicable guideline range, except that if the low end of the guideline range exceeds 235 months imprisonment, the defendant reserves the right to argue for a variance and/or a departure to a sentence *no lower that 235 months.*" (Doc. 44 at 4). In other words, Hester agreed to a sentence of at least 235 months imprisonment. The Defendant offers no cogent reason why the interests of justice warrant a reduction in his sentence, and the Court concludes that a reduction in sentence is not warranted at this time. Despite the BOP's

assessment that Hester's Overall Male Pattern Risk Level is "Minimum/Low Risk" (doc. 66-8), this assessment does not appear to take into consideration the Defendant's overall criminal history and characteristics and, accordingly, is not dispositive.  The Court concludes that a reduction in sentence is not warranted at this time due to the Defendant's history and characteristics, the nature and circumstances of the offenses, to deter the Defendant and others from engaging in illegal activity, and to protect the public from further crimes of the Defendant.[3]  The Court determines that a sentence reduction is not in the interest of justice.

To the extent that Hester argues that his post-conviction rehabilitation warrants a sentence reduction, the Court disagrees.  The Court may consider post-conviction rehabilitation when a defendant is resentenced.

> [W]hen a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since  prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.

*Pepper v. United States*, 562 U.S. 476, 490 (2011).

Because Hester's sentence has not been set aside on appeal and he is not before the Court on remand for resentencing, post-sentencing rehabilitation is not an extraordinary and compelling reason that warrants a sentence reduction.

---

[3] The Court has reviewed the articles submitted by Hester but the interests of justice do not warrant a reduction of sentence.

**CONCLUSION**

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion to reduce sentence (doc. 66) is DENIED.

DONE this 15th day of September, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE